# Commonwealth of Massachusetts

BARNSTABLE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _1672 CV 00151_

_Timothy C. Harry and
Karen C. Harry_ , PLAINTIFF(S),

v.

_Deutsche Bank et. Al._ , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Fidelity National Title Company Inc._ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Barnstable Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your signed original response with the Clerk's Office for Civil Business, _Superior_ Court, _by mail or in person to: 3195 Main Street, Barnstable, MA 02630_

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _10 Main St, Hopkinton, MA 01748_ .

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _March  25_____, 20_16_ . (SEAL)

Scott W. Nickerson
Clerk-Magistrate

*Scott W. Nickerson*

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____     Signature: _____

**N.B.     TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

4/27/16

## COMMONWEALTH OF MASSACHUSETTS

**COUNTY OF BARNSTABLE**
**SUPERIOR COURT DEPARTMENT**
**OF THE TRIAL COURT**
**CIVIL DOCKET NO.**

TIMOTHY C. HARRY and )
KAREN C. HARRY )
      Plaintiffs )
    )
    )
    v. )
    )
    )
AMERICAN BROKERS CONDUIT; )
APEX MORTGAGE SERVICES; )
FIDELITY NATIONAL TITLE GROUP, Inc.;)
AMERICAN HOME MORTGAGE )
    SERVICING, INC.; )    **VERIFIED COMPLAINT**
DEUTSCHE BANK NATIONAL TRUST )
    COMPANY AS TRUSTEE FOR )
    AMERICAN HOME MORTGAGE )
    ASSETS TRUST 2007-2 )
    MORTGAGE-BACKED )
    PASS-CERTIFICATES, SERIES )
    2007-2 )
HOMEWARD RESIDENTIAL; )
MORTGAGE ELECTRONIC RECORDING)
    SYSTEM, INC. )
OCWEN LOAN SERVICING )
KORDE & ASSOCIATES )
    Defendants )

## I.    INTRODUCTION

This is a complaint by the Plaintiffs, Timothy C. Harry and Karen C. Harry seeking Quiet

Title to property known as 31 Marway, Mashpee, Massachusetts, to have the alleged note

allegedly issue by American Brokers Conduit declared null and void, to have their mortgage

released, to have their Truth In Lending Act ("TILA") rescission enforced, and to recover

compensatory, general, special and punitive damages.

1

## II.   PARTIES

1.   Plaintiffs Timothy C. Harry, and Karen C. Harry, a senior citizen are husband and
     wife and owners and in possession of the real property known as 31Marway,
     Mashpee, Massachusetts which deed was executed on May 22, 1995 recorded in the
     Barnstable Registry of Deeds at Book 9685, Page 323 on May 26, 1995 and by deed
     executed on June 5, 2001 and recorded with the Barnstable Registry of Deeds at Book
     14020, Page 27 on July 9, 2001.

2.   Defendant American Brokers Conduit ("American") filed for bankruptcy August
     2007.  It is currently out of business and is not listing any executives.  However,
     another entity known as American Brokers Conduit is listed as a wholesale division
     of American Home Mortgage Investment Corporation, with last known address at 538
     Broadhollow Road, Melville, New York 11747.  Registered agent NONE. Service of
     process is accomplished by serving two copies of the process to the Office of the New
     York Department of State, One Commerce Plaza, 99 Washington Avenue, Albany,
     NY 12231, as agent for The Bank of New York Mellon Corporation.

3.   Defendant Apex Mortgage Services ("Apex") of 2550 Corporate Exchange Dr., Suite
     102, Columbus, Ohio 43231 is a mortgage servicing company.  APEX Mortgage
     Services, LLC, date of Involuntary Dissolution by Court Order or by the SOC was 4-
     19-2011.  Resident Agent CT Corporation System, 155 Federal Street, Ste. 700,
     Boston, MA 02110.

4.   Defendant Fidelity National Title Company ("Fidelity") of 4240 International
     Parkway, Suite 160, Carollton, TX  75007 is a Title Insurance Company.  Fidelity
     was registered with the Massachusetts Secretary of the Commonwealth, Corporations

Division on 08-13-2007, and withdrawn on 04-10-2014. Registered Agent, CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

5.  Defendant American Home Mortgage Servicing, Inc. ("AHMSI") of P.O. Box 631730, Irving, TX 75063-1730 is a mortgage servicing company with their principal office located at 520 Broadhollow Road, Melville, NY 21046. American Home Mortgage Servicing, Inc. changed their name to AHM SV, Inc. on 04-17-2008, and the name used to transact business in Massachusetts is CNI National Mortgage. Date of Involuntary Revocation 06-18-2012. Registered Agent, Corporation Service Company, 84 State Street, Boston, MA 02109.

6.  Defendant Homeward Residential ("Homeward") of P.O. Box 619063, Dallas, TX 75261-9063 is a mortgage origination and servicing firm that was acquired by Ocwen Financial Corporation on October 3, 2012. Homeward Residential, Inc.'s principal office is 1525 S. Belt Line Rd., Coppell, TX 75019. Date of registration in Massachusetts was 12-18-2007, a year after the purported closing. Their name was changed from AH Mortgage Acquisition Co., Inc. on 06-06-2008, to American Home Mortgage Servicing, Inc. Their name was again changed from American Home Mortgage Servicing, Inc., to Homeward Residential, Inc. on 06-05-2012. Registered Agent, CT Corporation System, 155 Federal St., Ste 700, Boston, MA 02110.

7.  Defendant Mortgage Electronic Recording Systems ("MERS") of P.O. Box 2026, Flint, Michigan 48501 is a national electronic registry system that tracks the changes and servicing rights and beneficial ownership interests in mortgage loans that are registered on the system. Principal office is 1818 Library St., Ste. 300, Reston, VA

20190.  Registered Agent, CT Corporation, 155 Federal Street, Ste. 700, Boston, MA 02110.

8.  Defendant Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-02 Mortgage-Backed Pass-Certificates, Series 2007-02 ("Deutsche Bank") of 1761 East St. Andrew Place, Santa Ana, CA  92705-4934 is an international bank.  Registered Agent, CT Corporation System, 818 West Seventh St., Ste. 930, Los Angeles, CA 90017.

9.  Defendant Ocwen Loan Servicing ("Ocwen") of 1661 Worthington Road, Suite 100, West Palm Beach, FL  33409, is a mortgage servicing corporation.  Resident Agent, Corporation Service Company, 84 State Street, Boston, MA 02109.

10. Korde & Associates of 321 Billerica RD, Suite 210, Chelmsford, MA  01824 is the second law firm hired by Ocwen Loan Servicing to collect an alleged debt that doesn't exist.  Registered Agent Sanjit Korde, 321 Billerica Road, Suite 210, Chelmsford, MA 01824-4100.

### III.    PLAINTIFFS' CLAIMS

11. December 13, 2006, Plaintiffs entered into a Uniform Residential Loan Application with Apex to refinance their current mortgage.

12. This loan application is a false document. APEX falsified information that Plaintiffs had $10,000.00 in an unspecified "Credit Union" with no account number, that Plaintiffs had an unspecified life insurance net cash value of $150,000.00, that Plaintiffs had "Household Assets" of $55,000.00, a loan amount of $445,500.00 with an interest rate of 1.750% for 480 months, that borrowers had a monthly income of

4

$14,950.00, that estimated prepaid items were $2,154.84, and estimated closing costs of $4,778.20. Plaintiffs allege they never claimed such assets or income.

13. Plaintiffs allege there is no fourth page as stated on the face of the purported loan application.

14. Plaintiffs allege this APEX falsified loan application states an unpaid balance to Countrywide Account No. 122219942.

15. This loan application was prepared by Pierre Haber, APEX Mortgage Services, LLC, 2550 Corporate Exchange Drive, Columbus, OH 43231, a known Robo-Signer.

16. The Good Faith Estimate ("GFE") dated November 29, 2006,  states on the face of the document it was prepared by Pierre Haber, APEX, 2550 Corporate Exchange Drive, Columbus, OH 43231, Loan Number: 0611EM005801, an interest rate of 1.750, Term: 480 months, Base Loan Amount: $445,500.00, Total Loan Amount: $445,500.00, an origination fee of $891.00, a processing fee of $995.00, an underwriting fee of $650.00, a broker administration fee of $495.00, settlement or closing fee of $750.00, total monthly payment of $1,805.27, title insurance fee of $842.72, mortgage and release fee of $250.00, total non-borrower paid at closing costs of $4,455.00, and Compensation to Broker from Lender (not paid out of Applicant's Loan Proceeds) 0-3% YIELD SPRED PREMIUM.  Plaintiffs allege this is predatory per se and illegal loan pursuant to RESPA 12 U.S.C. ξ 2601, *et seq.*, Federal Reserve Regulation X, 24 C.F.R. ξ 3500 *et seq.*

17. Plaintiffs' state this is the <u>only</u> Good Faith Estimate ("GFE") provided.

18. Plaintiffs state this APEX falsified loan application was done knowingly and intentionally to injure Plaintiffs with their fraud, not to mention their illegal YIELD SPREAD PREMIUM money.

19. The November 29, 2006 Truth-In-Lending Disclosure Statement states on the face of the document Loan Number: 0611EM005801, an APR of 6.246%, Finance Charge $556,864.97, Amount Financed $458,089.49, Total of Payments $1,014,954.46, and the Lender/Broker is APEX. Further, the "Your Payment Schedule Will Be: section is inadequately shown and in violation of RESPA. This loan amount is lower than what appears on the final draft of the allege note.

20. This is the only Federal Truth-In-Lending Disclosure Statement provided to Plaintiffs and the Plaintiffs DID NOT SIGN IT.

21. This Federal Truth-In-Lending Disclosure Statement constitutes fraud, explicitly shows "Bait & Switch" tactics employed by APEX, the purported loan was for $445,500.00 as shown on the GFE, yet this TIL Disclosure does not show what the loan amount is (tracing back to the GFE $445,500.00), it only shows the Amount Financed $458,089.49, which is $12,589.49 over the GFE purported original loan amount of $455,500.00.

22. The one page HUD-1A Settlement Statement dated December 21, 2006 shows on the face of the document American Brokers Conduit, 538 Broad Hollow Rd., Melville, NY 11747 is the lender, Timothy C. Harry is the borrower, settlement agent is Fidelity National Title Company, the place of settlement is 2400 Corporate Exchange Dr., Suite 200, with no town or city shown, Loan Number 0001552524, an appraisal fee to KASS Appraisal, Inc. paid outside of closing ("POC") by Broker of $295.00, a

commitment fee to American Brokers Conduit of $225.00, a tax service fee to American Brokers Conduit of $92.00, flood insurance fee to American Brokers Conduit of $19.00, a processing fee to APEX Mortgage Services for $995.00, a document preparation fee to APEX Mortgage Services for $495.00, a Discount fee to APEX Mortgage Services for $900.00, a Broker Credit for Yield Spread to Borrower of -$4,455.00, a YIELD SPREAD PREMIUM by Lender to APEX Mortgage Services POC of $11,250.00, a Settlement/Closing fee to Search2Close for $750.00, a title search fee to Fidelity National Title Company for $300.00, a tax Research fee to Fidelity National Title Company of $35.00, a Title Insurance fee to Fidelity National Title Company for $550.00 stating Lenders Coverage is $562,500.00 on this $450,000.00 loan, Total Settlement Charges of $1,197.25, a Total Loan Amount of $450,000.00,  and a Payoff first mortgage to Countrywide account # 122219942-2. The loan amount is higher than what was presented to Plaintiffs on the GFE.

23. The place of settlement shown as 2400 Corporate Exchange Drive, Suite 200, is the address of Century Surety Company, Columbus, Ohio and also the address of Search2Close, NOT Fidelity National Title Company.

24. The purported Adjustable Rate Note is fraught with the following issues as stated on the document:

    (a)  the alleged loan states a predatory Balloon Payment may be due;
    (b)  the alleged loan is a predatory negative amortization loan;
    (c)  there is no address shown for the purported lender other than Columbus, Ohio and American has never existed there;
    (d)  **the purported debt is now $450,000.00, while the loan application stated $445,500.00, the GFE stated $445,500.00, TIL Statement did not show the amount of the loan only the amount financed of $458,089.49, the HUD-1A stated $450,000.00.**
    (f)  the alleged loan states "In return for a loan I have received", past tense;
    (g)  the alleged loan states American is only a "Holder" NOT a "Holder In

Due Course" or owner,

(h) the alleged loan states the interest rate to be 1.725% only until December 31, 2006 (the "Initial Rate") yet no payment was due prior to December 31, 2006, and stated to be the first payment due of February 1, 2007, when the interest rate changed to 10.083%

(i) the 1.725% shown on the purported loan never existed yet the Loan Application shows 1.750%, the GFE shows 1.750, and the TIL Statement shows 6.246%,

(j) the alleged loan states purported borrower will make monthly payments to PO Box 660029, Dallas, TX 75266-0029, which is the address of named Defendant AHMSI;

(k) the alleged loan states commencing January 1, 2007 borrower will pay at a yearly rate of 10.083% (the "Subsequent Rate") yet the Loan Application shows 1.750%, the GFE shows 1.750%, the TIL Statement shows 6.246%,

(l) the alleged loan states each of the monthly payments until the first Payment Change Date (commencing January 1, 2007 10.083%) will be $1,298.49 yet the first payment is not stated to be due until February 1, 2007, thus already putting this purported loan into a negative balance position before the first payment is due,

(m) the alleged loan states the interest rate will change again on February 1, 2007 and every month thereafter ("Change Date") according to the Index, with an additional 5.200% "Margin" added.

(n) the alleged loan states every year commencing February 1, 2008, and on that same date each twelfth month thereafter ("Payment Change Date") the "Note   Holder", not the Holder In Due Course owner, will determine the amount, yet this is contrary to the TIL Statement showing 359 payments of $2,819.31 beginning February 1, 2007 and 1 payment of $2822.17 due January 1, 2037, which is extremely predatory and illegal and conceals and induced Plaintiffs thru racketeering activities;

(o) the alleged loan states any endorser of this Note is obligated to pay the full amount owed and keep all promises made in this Note.

(p) this purported note was never notarized.

25. The prevailing interest rates at the time when this note was written was approximately 6% fixed rate for thirty years.

26. The settlement agent on this alleged note was Fidelity.

27. American was not an incorporated legal entity on December 21, 2006 and was not authorized to do business in Massachusetts.

28. The alleged note was with a non-legal entity that did not have authority to enter into any type of lending arrangement with the complete knowledge of Defendant's Apex and Fidelity.

29. American did not and could not provide the funds under the note, but was acting on behalf of a third party whose identity remained hidden.  The Plaintiffs were not doing business with American.

30. In good faith, Plaintiff's began to make payments on the alleged note on February 1, 2007 in the amount of $1,298.49.  The Plaintiff's monthly loan amount increased to $1,395.88 on February 1, 2008.  The last payment Plaintiff's made on the note was October 1, 2008.

31. The void alleged note and subsequent mortgage dated December 21, 2006, alleged Loan Amount:  $450,000, to MERS as nominee for American, from Timothy C. Harry and Karen C. Harry, Husband and Wife, was illegally recorded February 7, 2007 in the Barnstable Registry of Deeds, Book 21762, Page 49.

32. MERS MIN number 100024200015525245 shown on the face of the purported mortgage is NOT for American Brokers Conduit.  It is for a third party lender American Home Mortgage Holding, Inc. of Delaware which filed for bankruptcy on August 6, 2007.

33. American has never had a MERS member number.

34. Plaintiff's paid, in good faith $28,144.88 to American which was not a legal entity, was not licensed to do business in the Commonwealth and in essence doesn't exist.

35. MERS transferred the alleged mortgage to Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-02, Mortgage-Backed

Pass-Through Certificates, Series 2007-02 on May 1, 2009 but did not have the
authority to do so because the promissory note was void and not legal.

36. The transfer from MERS of the alleged Mortgage to Deutsche Bank couldn't happen
because Trust 2007-02 was *closed*. According to the prospectus, the fund closed on
February 28, 2007. The trust cannot accept any assets after that date or risk losing its
special tax filing status under the IRS. The trust could not accept the alleged
mortgage.

37. What happened to the alleged mortgage?

38. A Complaint Civil Docket # BACV2009-00672, which was subsequently revised by
the court to be # 0972CV00672, was filed September 28, 2009, by Defendant Ablitt
& Charlton in Superior Court, County of Barnstable, on behalf of Deutsche Bank, that
directly resulted in the court issuing an <u>ORDER OF NOTICE BY PUBLICATION</u> on
October 6, 2009, witnessed by Barbara J. Rouse, Esquire, Chief Justice of the
Superior Court, at Barnstable, Massachusetts, this 6th day of October, 2009, and was
recorded November 23, 2009, Book 24184, Page 331 #66145 at 11:24am, in the
Barnstable Registry of Deeds, at the behest of Ablitt Law Offices PC, and **served** on
Plaintiffs November 18, 2009 by the Sheriff at the behest of Ablitt & Chariton on
behalf of Deutsche Bank, Trustee, which didn't have the alleged mortgage because
the trust had already closed.

39. On November 6, 2009, NOTICE OF MORTGAGEE'S SALE was published in *The
Enterprise*.

40. On February 28, 2010, Plaintiff Karen Harry was hospitalized with acute diverticulitis
with micro perforation in the proximal transverse colon.

41. On November 11, 2010, Ablitt/Scofield issued a <u>NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE</u>, sent certified and regular mail to Plaintiff Timothy C. Harry, 31 Marway, Mashpee, MA 02649, and Plaintiff Timothy C. Harry, P.O. Box 220, Mashpee, MA 02649, stating Deutsche Bank, 'holder" by assignment, on or after December 17, 2010 at 1:00 pm, intend to foreclose by sale under power of sale. Included with this notice was a <u>NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE</u> reiterating their intention of selling Plaintiffs Property at Public Auction at 1:00 PM on December 17, 2010.  Also included with this notice was a NOTICE OF MORTGAGE FORECLOSURE SALE dated November 11, 2010.

42. The existing Ablitt/Scofield firm, on behalf of Deutsche Bank cancelled the foreclosure sale without any word to Plaintiffs.  The sale just didn't happen.

43. On July 7, 2011, MERS transferred the alleged mortgage to Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-02, Mortgage-Backed Pass-Through Certificates, Series 2007-02 on July 7, 2011 but did not have the authority to do so the transfer from MERS of the alleged Mortgage to Deutsche Bank couldn't happen because Trust 2007-02 was *closed*.  According to the prospectus, the fund closed on February 28, 2007.  The trust cannot accept any assets after that date or risk losing its special tax filing status under the IRS.  The trust was not funded with the alleged mortgage.

44. On July 14, 2011, Ablitt/Scofield issued a third NOTICE OF FORECLOSURE, the same complaint from the 2009 NOTICE OF FORECLOSURE was reused in July 2011, by Ablitt & Charlton in Superior Court, County of Barnstable, on behalf of

11

Deutsche Bank, that resulted in the court issuing an <u>ORDER OF NOTICE</u> dated July

22, 2011, which was recorded in the Barnstable Registry of Deeds by Ablitt/Scofield

on August 2, 2011, Book 25599, Page 140  #38722 at 2:01pm, and **served** on

Plaintiffs July 14, 2011, at 9:07 pm, by the Sheriff at the behest of Ablitt & Chariton

via fax.  Ablitt & Charlton also faxed this <u>ORDER OF NOTICE</u> to someone

unknown on July 27, 2011, 2:38 pm.

45. On September 1, 2011, Ablitt/Scofield, P.C. mailed Plaintiffs a NOTICE OF

    FORECLOSURE SALE and a <u>NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE</u>

    stating by virtue of the Power of Sale contained in a certain mortgage.... Deutsch Bank,

    present holder by assignment from MERS on behalf of American, Plaintiffs Property will be

    sold at Public Auction at 2:00 PM on October 7, 2011.

46. That sale did not take place.

47. On February 13, 2015 Ocwen sent a notice to Plaintiffs that they intended to foreclose

    on their property known as 31 Marway, Mashpee, Massachusetts on behalf of

    Deutsche Bank.

48. Plaintiffs responded directly to Ocwen on May 27, 2015 that there was no alleged

    debt on the property and that they couldn't foreclose.

49. Pursuant to 15 U.S.C. ξ 1635(a), Reg. Z Sections 226.15(a), 226.23(a)(2), on March

    20, 2015, Plaintiffs mailed their TILA rescission notice via Certified Mail/Return

    Receipt and Regular Mail to:

| | |
|---|---|
| American Brokers Conduit | Cert. Mail# 70131090000031500756 |
| Apex Mortgage Services | Cert. Mail# 70131090000031500626 |
| MERS, Inc. | Cert. Mail# 70131090000031500763 |
| Fidelity National Title Group | Cert. Mail# 70131090000031500374 |
| American Home Mortgage Servicing, Inc. | Cert. Mail# 70131090000031500633 |
| Homeward Residential | Cert. Mail# 70131090000031500732 |
| Ocwen Loan Servicing | Cert. Mail# 70131090000031500640 |

12

Deutsche Bank National Trust Company     Cert Mail #70131090000031500749
As Trustee for American Home Mortgage
Assets Trust 2007-02Mortgaged-Backed
Pass-Through Certificates, Series 2007-02

50. 15 U.S.C. Section 1635 (b) states that the security interest, promissory note or lien on

the Plaintiff's property becomes automatically void by operation of law upon mailing

of the rescission notice.

51. On April 1, 2015 Ocwen acknowledged receipt of Plaintiff's rescission notice by

written communication.

52. U.S.C. Section 1635(b) provides that the creditor must bring a legal action within 20

days after receipt of notice of the rescission.  No defendant has brought legal action to

protect their claim.

53. Each and every Defendants 20 day window to file a Declaratory Suit expired on April

11, 2015.

54. Within 20 days after receipt of a notice of rescission, the creditor shall return .... Any

money or property given as earnest money, down payment or otherwise, and shall

take any action necessary or appropriate to reflect the termination of any security

interest created under the transaction.  As of filing of this complaint, the Plaintiffs'

have not received any returned money, original alleged note, original alleged

mortgage, nor have the defendants filed or recorded a required release in the land

records where the Property is located as required by law.

55. On July 30, 2015, Plaintiffs, through their Attorney, sent a "Qualified Written

Request and Validation of Debt" letter to Ocwen.

56. Ocwen sent on package of documents on September 11, 2015 and another package of

documents on September 30, 2015.

57. The documents sent are incomplete. They do not follow the historical evolution of the alleged debt. The answer provided is in violation of the Real Estate Settlement Procedures Act 12 U.S.C. Section 2605(e). There is no documentation regarding what happened to the alleged note. Nor is there any documentation as to why and how Deutsche Bank became involved with Ocwen in alleging seeking payment on an alleged debt that doesn't exist. There is no paper trail as to what happened to the alleged mortgage assigned by MERS to Deutsche Bank *AFTER* the fund the alleged mortgage was supposed to enter closed. Where is the alleged mortgage and the alleged note?

58. According to the alleged note, only Timothy C. Harry signed the document.

59. The signatures on the alleged mortgage, do not match the alleged signatures on the Adjustable Rate Rider nor the Prepayment rider. Therefore someone *forged* the Plaintiffs' signature.

60. On January 28, 2016, Plaintiffs received a 30 day letter from Korde & Associates in their representation of Ocwen on behalf of Deutsche Bank via certified mail, threatening litigation in collection of a debt giving 30 days to respond.

61. Plaintiffs responded to said letter on February 16, 2016 Certified Mail, Return Receipt stating in principal part, the same response that Plaintiffs issued in writing to Ocwen's in house Attorney on May 27, 2015.

62. It has been over six years since the last payment made by Plaintiffs on their alleged note. The statute expired on November 1, 2014 for any Judicial action regarding enforcement of the alleged note.

63. On April 11, 2015, every Defendants ability to file a Declaratory Suit against the Plaintiffs expired as well under 15 U.S.C. 1635(b).  Further, by operation of law, the alleged note is also void.

64. Plaintiffs have repeatedly been threatened with litigation, foreclosure and eviction from 10/6/09 through the filing of this complaint March 2016 for a promissory note that was never valid, is void and doesn't exist.  Plaintiffs have been subjected to forgery of their signatures and been the victims of predatory lending practices resulting in a predatory loan per se under federal statutes.

### COUNT ONE – FRAUD/DECEIT
### (American, Apex, MERS, AHMSI, Homeward & Ocwen)

65. The Plaintiff repeats and re-avers the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

A. *Misrepresentation*

66. American knowingly and intentionally misrepresented itself by stating to be a Corporation organized and existing under the laws of the State of New York. American was in fact not incorporated in 2006 when they issued the alleged note.

67. American was not a legal entity authorized to do business in the Commonwealth of Massachusetts.

68. Massachusetts Secretary of State, Corporations Division shows that no such entity every existed in Massachusetts.

69. American was not a licensed lender in the Commonwealth of Massachusetts and therefore could not write notes.

70. American was not the real lender of the note and failed to disclose to Plaintiffs who the real lender of the note was.

15

71. American was not the entity that issued the funds, indeed American was acting on behalf of an undisclosed party.

72. American misrepresented itself as a legal entity authorized to do business in Massachusetts, specifically authorized to lend money. Nothing could be further from the truth.

73. Apex as the Mortgage Broker, brought American to the table as the "Lender". Apex has a duty to know the validity of the legal entity that they are doing business with as a legitimate Lender. Apex participated in this misrepresentation by presenting to the Plaintiff's a Lender that was not incorporated, nor licensed to lend money.

74. This misrepresentation by Apex and American was followed by Fidelity and MERS who chose to treat the alleged note as legitimate when MERS had a duty and a responsibility to know the legality of lenders with which it did business.

75. This fraud and non-existent note was further given false credence by successor entities trying to collect on a void note.

*B.  Scienter*

76. American represented itself as a legitimate lender of funds.

77. American worked with Apex, and Fidelity in the pursuit of finding individual homeowners to induce into engaging in a financing arrangement on their personal real estate.

78. American knew it was not a legal entity authorized to do business in Massachusetts, but failed to disclose this to the Plaintiffs.

79. American knew that it did not have any funds to lend, but instead represented through its actions and paperwork that it was the legal lender of record. The Affiliated

16

Business Arrangement Disclosure lists American as the "Lender". The Adjustable Rate Note states in black and white that the Lender is American. Nowhere in any of these legal documents does American refer to itself as anything but a Lender. The mortgage was issued by American, prepared by Robin Smith at 955 Chesterbrook Blvd, Suite 110, Chesterbrook, PA 19087. Paragraph "D" of the Mortgage Document under definitions lists American as the Lender. The document goes on to say the "Lender is a Corporation organized and existing under the laws of the State of New York and Lender's address is 538 Broadhollow RD, Melville, NY 11747. Clearly, American knowingly and intentionally held itself out to be a legitimate corporation in the business as a lender to lend money.

80. American knew it was not a legal entity, American knew it was not authorized to do business in Massachusetts and American knew it would not be lending any money.

81. Plaintiffs believe that Apex had to know that American was not a legitimate corporation and not licensed to do business as a lender in Massachusetts.

82. MERS is a separate private company that serves as a nominee of mortgages which is designed to track servicing rights and ownership of mortgages. MERS is in the unique position to decide to become a nominee on a mortgage which it knowingly chose to do for American. MERS, because it is in the business of being a nominee on mortgages had to know that American was not a legal viable entity.

83. American has never had a MERS member number.

C.   *Intent to Defraud*

84. American fraudulently induced Plaintiffs into signing an alleged note that American was not authorized to issue by representing itself as a legitimate business, a legal

17

going concern, a lender of residential mortgages. Indeed, it was American that issued the alleged mortgage after the promissory note.

85. Plaintiffs were looking to refinance their current mortgage. Plaintiffs were presented with a fraudulent application with Apex. Apex chose and brought to the table American as the lender with which the Plaintiffs would be doing business.

86. American further deceived the Plaintiffs by not disclosing who the real lender on the note would be if there was one.

87. American was not the entity that issue the funds, indeed American was acting on behalf of an undisclosed entity.

88. Defendants APEX, MERS, Fidelity, AHMSI, Homeward and Ocwen all participated in this fraud in the inducement and deceit with APEX assigning the loan application to American for fulfillment, Fidelity underwriting the Title Insurance for the note, MERS for recording the mortgage, AHMSI, Homeward Residential and Ocwen for servicing the alleged note and alleged mortgage. Each defendant knew or should have known that the writer of the alleged note, American, was not a viable legal entity and the note was non-existent.

89. American as a non-legal entity went to great lengths to put into jeopardy the ownership of the Plaintiff's home. This whole transaction is a sham of which the Plaintiffs were duped into believing that they were engaging in a legitimate transaction. The only way for the Plaintiff's to receive the alleged funds was to turn over their rights in the property through the alleged mortgage. The fraud was then complete.

90. American acted with malicious forethought to defraud the Plaintiffs

*D. Reliance*

91. Plaintiffs relied on American to be a legal entity issuing standard normal promissory notes and writing standard legal mortgages.

92. Plaintiffs demonstrated their reliance by actually making payments on an alleged note that just didn't exist.

93. Plaintiffs did not realize that this alleged note was a negative amortization note until after they started making payments.

94. Plaintiffs attempted performance of this non-existent predatory, table funded loan demonstrates that they relied completely on American to be a legal entity.

95.     Plaintiffs state that American by their fraudulent misrepresentations and concealment of the true creditor induced Plaintiffs to submit payments to American and its alleged successors when American and the alleged successors had no right to receive payment on the alleged mortgage loan because the alleged loan was invalid and therefore void.  American was non-existent and no valid mortgage loan was every held by American or its successors in interest including MERS.

96. The alleged void note and subsequent mortgage dated December 21, 2006, alleged Loan Amount:  $450,000, to MERS as nominee for American, from Timothy C. Harry and Karen C. Harry, Husband and Wife, was illegally recorded February 7, 2007 in the Barnstable Registry of Deeds, Book 21762, Page 49.  This action has slandered Plaintiff's title because the named alleged lender, American, did not exist.

19

*E. Damages*

97. Plaintiffs have been damaged by this illegal note, the filing of the alleged note with the Registry of Deeds and alleged Mortgage attached to their property and defrauded out of their money.

98. Plaintiffs' title to their property as has been slandered as more fully explained inter alia.

99. Plaintiffs have been the victim of mail fraud, wire fraud, false claims of foreclosure on their property, publicly humiliated by publication of alleged foreclosures that never happened and have lived in fear of losing their home based on a false, illegal, capricious alleged note and mortgage. They have also been the victims of civil racketeering as more fully alleged inter alia.

100. This alleged note is void under the law.

**COUNT TWO – VIOLATIONS OF THE TRUTH IN LENDING ACT –
FRAUD IN CONCEALMENT AND EXECUTION
(American, Apex, MERS)**

101. The Plaintiffs repeat and re-aver the allegations set forth in paragraphs 1 through 100 as if fully set forth herein.

102. The Truth In Lending Act ("TILA") set forth at 15 U.S.C. Section 1601 *et.seq.* and its counterpart Regulation Z states that when a non-existent entity such as American uses a third party to lend the money, American Home Mortgage Holding, Inc. to fund a loan, the loan is a predatory loan per se.

103. American, as the pretender "lender" made fraudulent representations about who was the real lender and induced Plaintiffs to submit payment American on the alleged note and to American's purported successors in interest when there was

no legal note.  Not one entity involved in this alleged note, note even MERS had a legal interest.

104.    This alleged loan was an illegal predatory table funded loan, which under Regulation Z is predatory per se, given by American, a non-legal entity.

105.    MERS, APEX,  Fidelity, AHMSI, Homeward and Ocwen all knew or should have known that they were participating in a fraud in trying to collect, intimidate and seize a property they had no business pursuing because the original alleged loan was illegal and void.

106.    Plaintiffs allege their signatures (identity theft) were procured by intentional fraud in the concealment implemented by all Defendants acting in cahoots in a pattern of racketeering activities,  per 18 U.S.C. $\xi$ 1961(5)  more than two separate times, using fictitious names and addresses, bank fraud, mail fraud, and wire fraud inter alia.

107.    The alleged note and alleged mortgage are also void ab initio because the pretender "lender" American, stated to be a Corporation organized and existing under the laws of State of New York, was not in fact incorporated in the year 2006.  This fact was intentionally **concealed** from Plaintiffs by American, APEX, MERS, Fidelity, AHMSI, and Homeward Residential through predatory, illegal and racketeering activities as detailed in this Complaint.

108.    Plaintiffs have suffered irreparable harm and damages from this predatory loan that is void by law.

## COUNT THREE- SLANDER OF TITLE
### (APEX, AMERICAN, MERS)

109.   The Plaintiffs repeat and re-aver the allegations set forth in paragraphs 1 through
       108 as if fully set forth herein.

110.   MERS illegally recorded a mortgage on 31 Marway, Mashpee, Massachusetts
       when MERS knew or should have known that the underlying note to the mortgage
       was void.

111.   MERS further acted capriciously defiantly and fraudulently by assigning the
       mortgage to Deutsche Bank as Trustee for American Home Mortgage Assets
       Trust 2007-2 Mortgage-Backed Pass-Certificates, Series 2007-2 on May 7, 2009
       in Book 23678, Page 247 with the Barnstable Registry of Deeds, Barnstable,
       Massachusetts.  This recording was prepared and requested by Ron Meharg, with
       DOCX, 1111 Alderman Dr. Suite 350, Alpharetta, GA  30005.

112.   Plaintiffs allege that MERS knows or should have known that this assignment was
       fraudulent, because:

       (a)  American, the purported lender is non-existent and had nothing to assign;

       (b)  the address stated on the face of the document for "Mortgage Electronic
            Registration Systems, Inc. As Nominee for American Brokers Conduit,
            whose address is 6501 Irvine Center Drive, Irvine, CA 92618", was in truth
            the address for Option One Mortgage as shown in SEC filings.  Deutsche
            Bank National Trust Company did not use this address until 2010;

       (c)  states on the face of the document "Original Mortgagee: Mortgage
            Electronic Registration System, Inc., as Nominee For American Brokers
            Conduit **Corporation**" which includes the addition of the word
            "Corporation" that was not on the purported note or purported mortgage;

       (d)  states on the face of the document "Misc. Comments: Assignment Effective
            As Of: 4/27/09" but was not "witnessed" and signed until 05/01/2009.
            **Plaintiffs allege illegal back-dating;**

(e) states on the face of the document "Borrower" is Timothy C. Harry (typed in) yet "Karen C. Harry, Husband and Wife" has been hand written in on the alleged mortgage who knows when;

(f) the assignment has been signed by five nationally known robo-signers who ALL worked for DOCX, Alpharaetta, GA. in 2009, not MERS or American. The robo-signers are **Tywanna Thomas** as Asst. Secretary for MERS, **Dawn Williams** as Witness for MERS, **Korell Harp** as Vice President for MERS, **Christina Huang** as Witness for MERS, and **Brittany Snow** as the Notary Public;

(g) none of these people could possibly assign anything from a non-existent entity;

(h) multiple distinctly different signatures of these same five people exist on documents improperly purporting to transfer interest in real property across the country;

(i) shown on the face of the document the address of the purported assignor MERS as Nominee for American is in California yet it is purported to be signed and notarized in Georgia;

(j) any assignment into the purported American Home Mortgage Asset 2007-02 Trust after February 28, 2007 Closing Date would render the trust losing its IRS tax pass-thru status pursuant to the purported Trust's governing documents. This 1st Assignment on May 1, 2009 was made twenty six months too late as the purported "Trust" cannot accept any loans after February 28, 2007, Closing Date, nor can the "Trust" accept any loans alleged to be in default.

(k) American has never had a MERS member number.

113. At the time of the fraudulent assignment, the truth is the execution of this legal instrument is completely fraudulent and that fraud was compounded by filing this legal document with the Registry of Deed. The signatures are fraudulent, MERS did not have the legal authority to act because the underlying note is void. *Therefore the mortgage is void as well.* Where there is no note, there is no need for a mortgage.

114. On October 13, 2010, The State of Florida Office of the Attorney General Department of Legal Affairs opened an Economic Crimes Investigation into three

Robo Signers for DOCX LLC; specifically, the investigation names Korell Harp, Christina Huang and Tywanna Thomas, three of the Robo Signers on the alleged assignment of the alleged mortgage.  These robo-signers make the execution of the alleged mortgage invalid.

115.   Plaintiffs allege Defendant Fidelity National Title Group, in the instant case, is a subsidiary of Fidelity National Financial, Inc., F/K/A Lender Processing Services, Inc., and A/K/A AND D/B/A DOCX LLC., being the subject of the above noted investigation.

116.   Plaintiffs allege the title insurance underwriters that comprise Defendant Fidelity National Title Group (FNTG) are Fidelity National Title, Chicago Title, Commonwealth Land Title, Security Title Agency, Ticor Title, and Alamo Title.

117.   Plaintiffs' state that this assignment is fraudulent and capricious, is null and void because the underlying alleged note is null and void thereby making the underlying alleged mortgage as null and void.

118.   Upon information and belief, Plaintiffs allege this void ab initio fraudulent assignment of the mortgage only applies to the mortgage and not the alleged note.

119.   Plaintiffs allege this 1st Assignment based on void documents has slandered Plaintiffs title by the recording of a wild and spurious document in the Barnstable Registry of Deeds on May 7, 2009,  Book 23678,  Page 247  #24895 at 9:51am.

120.   Plaintiffs allege a void and illegal 2nd ASSIGNMENT OF MORTGAGE ("2nd Assignment") based on void documents, from MERS as nominee for American to Deutsche Bank as Trustee dated July 7, 2011, was illegally recorded in the

24

Barnstable Registry of Deeds on July 18, 2011, Book 25568 Page 342   #36109 at

1:21pm.

121.   Plaintiffs allege this void and recorded 2nd Assignment has again slandered

Plaintiffs title because the named "lender" was non-existent thus no

consummation could take place.

122.   Plaintiffs allege this specific purported 2nd Assignment is void and fraudulent

because:

(a)   American never existed and had nothing to assign;

(b)   states "… American Brokers Conduit …, **which is organized and existing
      under the laws of United States of America**".   What law?   Previously
      American Brokers Conduit purported to exist under New York law –
      which was also a lie as they are non-existent;

(c)   states "This Confirmatory Assignment of Mortgage is intended to confirm
      the original Assignment recorded with said Deeds at Book 23678, Page
      247, and to correct any defect in the execution and/or notarization therein.
      In no other way does this Confirmatory Assignment change, alter, or
      affect the original Assignment." Upon information and belief Plaintiffs
      allege this is fraudulent and void and also alleges American, MERS, Deutsche
      Bank,   AHMSI, and Ocwen are attempting to cover their fraudulent
      tracks in the 1st Assignment and illegal slanderous assignment based on
      void documents after those first five people have been shown to be frauds
      and robo-signers for DOCX.  Plaintiffs allege this is a corrupt attempt to
      "fix" the chain of title, which they cannot do because the slander of title
      (again) had already been done in the filing and recording of the 1st
      Assignment of Mortgage and no Defendant can avail themselves to reverse
      what was constructively noticed before, setting prima facie evidence of
      their fraud;

(d)   states on the face of the document Deutsche Bank's mailing address is  "in
      care of American Home Mortgage Servicing, Inc., located at 1525 S. Belt
      Line Road, Coppell, TX 75019." This is also the exact same mailing address
      of Ocwen Loan Servicing, LLC, and different from the address stated in the
      1st  Assignment.  All parties shown are Defendants;

(e)   shows on the face of the document it was purported to be notarized by a Florida
      notary Tammy M. Hansen, Commission # DD 925072.  Plaintiffs allege upon

information and belief the Florida Division of Corporations – Commissions and Apostille have no record of a Tammy M. Hansen ever being a notary in Florida let alone a Commission # DD 925072.  Plaintiffs further allege this illegitimate notary is fraudulent for another illegal act as this "notary" stamp had to be especially made to deceive;

(f)  shown on the face of the document the purported printed and scripted handwriting of "Tammy Hansen" are distinctly different.  Plaintiffs allege upon information and belief multiple distinctly different "Tammy Hansen" signatures appear across the country purporting to notarize real property documents by this robo-signer;

(g)  shown on the face of the document the address of the purported assignor MERS as Nominee for American Brokers Conduit is in Texas yet it is purported to be signed and notarized in Florida;

(h)  any assignment into the purported AHMA 2007-02 Trust after the February 28, 2007 Closing Date would render the trust losing its IRS tax pass-through status pursuant to the purported Trust's governing documents.  This 2nd Assignment on July 7, 2011 was made almost four and one half years too late as the purported "Trust" cannot accept any loans after February 28, 2007, nor can the "Trust" accept any loans alleged to be in default.

(i)  American has never had a MERS MIN member number;

(j)  by virtue of American being a non-existent entity no consummation ever took place.

123.   Upon information and belief Plaintiffs allege this void ab initio fraudulent 2nd Assignment only "transfers" the mortgage but not the note.

124.   Plaintiffs allege BOTH recorded "Assignment of Mortgage" documents which purported to transfer interest in this void ab initio mortgage from MERS to Deutsche Bank are void because MERS, as nominee for American, the purported "Lender", had no authority to assign the ownership interest of said mortgage, because MERS was not the owner of the subject mortgage and was merely a

nominee for American, an alleged New York Corporation which was a non-existent "Corporation". Said purported assignment was without authority, and therefore invalid and void.

125. Plaintiffs have suffered damages from the illegal assignments that have slandered their title to their property known as 31 Marway, Mashpee, MA.

## COUNT FOUR – MAIL AND ELECTRONIC FRAUD and RACKETEERING (ALL DEFENDANTS)

126. The Plaintiffs repeat and re-aver the allegations set forth in paragraphs 1 through 125 as if fully set forth herein.

127. The **1st Wrongful Foreclosure** in 2009, America, MERS, Deutsche Bank, Ocwen, Ablitt & Charlton, Ablitt Law Offices P.C., or any Defendant, did not have the required standing to collect, foreclose, or file suit against Plaintiffs based on void ab initio documents yet they have repeatedly, intentionally, and maliciously attempted to do so. Specifically, these malicious attempts include, inter alia, a Complaint Civil Docket # BACV2009-00672, which was subsequently revised by the court to be # 0972CV00672, filed September 28, 2009, by Defendant Ablitt & Charlton (first law firm involved) in Superior Court, County of Barnstable, on behalf of Deutsche Bank, that directly resulted in the court issuing an ORDER OF NOTICE BY PUBLICATION on October 6, 2009, witnessed by Barbara J. Rouse, Esquire, Chief Justice of the Superior Court, at Barnstable, Massachusetts, this 6th day of October, 2009, which was recorded November 23, 2009, Book 24184, Page 331 #66145 at 11:24am, in the Barnstable Registry of Deeds, at the behest of Ablitt Law Offices PC (second law firm

involved), and **served** on Plaintiffs November 18, 2009 by the Sheriff at the behest of Ablitt & Chariton (first law firm involved).

128.     This complaint was filed electronically by Ablitt & Charlton (first law firm involved) constitutes fraud and is a part of racketeering activities. 18 U.S.C. Chapter 63 Sections 1341, 1342, 1343, 1344, 18 U.S.C. Chapter 96 Section 1961(1)(B), 1961(5), 1962(b), 1962(c), 1962(d).

129.     Plaintiffs allege each Defendant is liable to Plaintiffs due to this September 28, 2009 complaint, specifically Ablitt & Charlton and successor firms and Deutsche Bank. 18 U.S.C. Chapter 63 $\xi$ 1341 Frauds and swindles (mail fraud), $\xi$ 1342 Fictitious name, $\xi$ 1343 Fraud by wire, $\xi$ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities $\xi$ 1961(5), $\xi$ 1961(6)(A), $\xi$ 1962(b), $\xi$ 1962(c), $\xi$ 1962(d), and $\xi$1964(c) Civil remedies. Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees. Mass. Gen. Laws. ch. 93A, $\xi$ 2.

130.     Each Defendant is liable to Plaintiffs due to this court issued October 6, 2009, ORDER OF NOTICE BY PUBLICATION resulting in a November 6, 2009 NOTICE OF MORTGAGEE'S SALE being published in The Enterprise , specifically Defendants: **Ablitt Law Offices PC, Deutsche Bank,  Ablitt & Charlton,  Ablitt Law Offices PC.** 18 U.S.C. Chapter 63 $\xi$ 1341 Frauds and swindles (mail fraud), $\xi$ 1342 Fictitious name, $\xi$ 1343 Fraud by wire **(2x)**, $\xi$ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities $\xi$ 1961(5), $\xi$ 1961(6)(A), $\xi$ 1962(b), $\xi$ 1962(c), $\xi$ 1962(d), and $\xi$1964(c) Civil remedies. Plaintiffs are entitled to treble

damages, cost of the suit, including attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.

131.   The filing and recording of this <u>FORECLOSURE OF MORTGAGE</u> dated November 11, 2010, sent certified and regular mail to Plaintiff Timothy C. Harry, 31 Marway, Mashpee, MA 02649, and Plaintiff Timothy C. Harry, P.O. Box 220, Mashpee, MA 02649, by Defendant Ablitt/Scofield (third law firm involved) stating Deutsche Bank, 'holder" by assignment, on or after December 17, 2010 at 1:00 pm, intend to foreclose by sale under power of sale.  Included with this notice was the filing and recording of this <u>ORDER OF NOTICE BY PUBLICATION</u> in the Barnstable Registry of Deeds by Ablitt Law Offices PC (second law firm involved) on November 23, 2009, Book 24184, Page 331 #66145, at 11:24am, constitutes fraud and is a part of racketeering activities. 18 U.S.C. Sections 1341, 1342, 1343, 1344, 18 U.S.C. Chapter 96 Section 1961(1)(B), 1961(5), 1962(b), 1962(c), 1962(d).

132.   The **2nd Wrongful Foreclosure** in 2010 American, MERS, Deutsche Bank, Ocwen, Ablitt/Scofield. (third law firm involved) or any Defendant, do not have the required standing to collect, foreclose, or file suit against Plaintiffs based on void ab initio documents yet they have repeatedly, intentionally, and maliciously attempted to do so.  Specifically, these malicious attempts include, inter alia, a <u>NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE</u> dated November 11, 2010, sent certified and regular mail to Plaintiff Timothy C. Harry, 31 Marway, Mashpee, MA  02649, and Plaintiff Timothy C. Harry, P.O. Box 220, Mashpee,

29

MA 02649, by Defendant Ablitt/Scofield (third law firm involved) state Deutsche Bank, "holder" by assignment, on or after December 17. 2010 at 1:00pm intended to foreclose by sale under power of sale. Included with this notice was a NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE reiterating their intention of selling Plaintiffs Property at Public Auction at 1:00 PM on December 17, 2010. Also included with this notice was a NOTICE OF MORTGAGE FORECLOSURE SALE dated November 11, 2010.

133.    Plaintiffs allege each of these four separate mailings constitute fraud and racketeering activities. 18 U.S.C. Chapter 63 Sections 1341, 1342, 1343, 1344, 18 U.S.C. Chapter 96 Section 1961(1)(B), 1961(5), 1962(b), 1962(c), 1962(d).

134.    Plaintiffs allege each Defendant is liable to Plaintiffs for each of these notices: NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE dated November 11, 2010, NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE, and NOTICE OF MORTGAGE FORECLOSURE SALE, specifically Defendants: **Ablitt /Scofield, Deutsche Bank** 18 U.S.C. Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies. Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees. Mass. Gen. Laws. ch. 93A, ξ 2. MGL c. 93, s. 24: Licensing of collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or unreasonable manner, 940 CMR 7.00: M.G.L.

c. 93A, ξ 2(c), 940 CMR 7; FDCPA 15 U.S.C. Subchapter V – Debt Collection

Practices ξξ 1692, 1692(a)-1692(g), 1692(i)-1692(k).

135.     The **3rd Wrongful Foreclosure** in 2011, the same complaint from the **1st**

**Wrongful Foreclosure** (2009) was reused in July 2011, by Ablitt & Charlton

(first law firm involved) in Superior Court, County of Barnstable, on behalf of

Deutsche Bank, that resulted in the court issuing an <u>ORDER OF NOTICE</u> dated

July 22, 2011, which was recorded in the Barnstable Registry of Deeds by

Ablitt/Scofield (third law firm involved) August 2, 2011, Book 25599, Page 140

#38722 at 2:01pm, and **served** on Plaintiffs July 14, 2011, at 9:07 pm, by the

Sheriff at the behest of Ablitt & Chariton (first law firm involved)  via fax.

Plaintiffs allege Ablitt & Charlton (first law firm involved) also faxed this

<u>ORDER OF NOTICE</u> to someone unknown on July 27, 2011, 2:38 pm.

136.     Plaintiffs allege this complaint was filed electronically constitutes fraud and is a

part of racketeering activities.  18 U.S.C. Chapter 63 Sections 1341, 1342, 1343,

1344, 18 U.S.C. Chapter 96 Section 1961(1)(B), 1961(5), 1962(b), 1962(c),

1962(d).

137.     Plaintiffs allege this <u>ORDER OF NOTICE</u> faxed to the Sheriff's office constitutes

fraud and is a part of racketeering activities.  18 U.S.C. Chapter 63 Sections 1341,

1342, 1343, 1344, 18 U.S.C. Chapter 96 Section 1961(1)(B), 1961(5), 1962(b),

1962(c), 1962(d).

138.     Plaintiffs allege the faxing of the <u>ORDER OF NOTICE</u> to someone unknown July

28, 2011, 2:38 pm, constitutes fraud and is a part of racketeering activities. 18

U.S.C. Chapter 63 Sections 1341, 1342, 1343, 1344, 18 U.S.C. Chapter 96

Section 1961(1)(B), 1961(5), 1962(b), 1962(c), 1962(d).

139.   Plaintiffs allege the filing and recording of this <u>ORDER OF NOTICE</u> in the

Barnstable Registry of Deeds by Ablitt/Scofield August 2, 2011, Book 25599,

Page 140 #38722 at 2:01pm, constitutes fraud and is a part of racketeering

activities. 18 U.S.C. Chapter 63 Sections 1341, 1342, 1343, 1344, 18 U.S.C.

Chapter 96 Section 1961(1)(B), 1961(5), 1962(b), 1962(c), 1962(d).

140.    On September 1, 2011, Ablitt/Scofield, P.C. (fourth law firm involved) mailed

Plaintiffs a NOTICE OF FORECLOSURE SALE and a <u>NOTICE OF</u>

<u>MORTGAGEE'S SALE OF REAL ESTATE</u> stating by virtue of the Power of

Sale contained in a certain mortgage.... Deutsche Bank, present holder by

assignment from MERS on behalf of American, Plaintiffs Property will be sold at

Public Auction at 2:00 PM on October 7, 2011.

141.   Plaintiffs allege this NOTICE OF FORECLOSURE SALE and <u>NOTICE OF</u>

<u>MORTGAGEE'S SALE OF REAL ESTATE</u> each constitutes intentional fraud

and racketeering activities.  18 U.S.C. Chapter 63 Sections 1341, 1342, 1343,

1344, 18 U.S.C. Chapter 96 Section 1961(1)(B), 1961(5), 1962(b), 1962(c),

1962(d).

142.   Plaintiffs allege a September 1, 2011  Notice Of Intention To Foreclose Mortgage

And Of Deficiency After Foreclosure Of Mortgage, Notice Of Mortgagee's Sale

Of Real Estate, Notice Of Mortgage Foreclosure Sale – Certified Mail and

Regular Mail to Plaintiff Timothy C. Harry, P.O. Box 220, Mashpee, MA 02649,

constitutes intentional fraud and racketeering activities.  Plaintiffs allege <u>each</u> of

the following specific Defendants are in violation and liable to Plaintiffs for each

of these three notices: **Ablitt/Scofield P.C., Deutsche Bank**

143.     Plaintiffs allege a September 1, 2011 Notice Of Intention To Foreclose Mortgage

And Of Deficiency After Foreclosure Of Mortgage, Notice Of Mortgagee's Sale

Of Real Estate, Notice Of Mortgage Foreclosure Sale – Certified Mail and

Regular Mail to Plaintiff Timothy C. Harry, 31 Marway a/k/a Mar Way, Mashpee,

MA 02649, by Ablitt/Scofield, P.C., on behalf of Deutsche Bank, constitutes

intentional fraud and racketeering activities.  Plaintiffs allege each of the

following specific Defendants are in violation and liable to Plaintiffs for each of

these three notices: **Ablitt/Scofield P.C., Deutsche Bank**  18 U.S.C. Chapter 63

$\xi$ 1341 Frauds and swindles (mail fraud), $\xi$ 1342 Fictitious name, $\xi$ 1343 Fraud by

wire **(2x)**, $\xi$ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED

AND CORRUPT ORGANIZATIONS Prohibited activities $\xi$ 1961(5), $\xi$

1961(6)(A), $\xi$ 1962(b), $\xi$ 1962(c), $\xi$ 1962(d), and $\xi$1964(c) Civil remedies.

Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.

Mass. Gen. Laws. ch. 93A, $\xi$ 2.  MGL c. 93, s. 24: Licensing of collection

agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or

unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, $\xi$ 2(c), 940 CMR 7;

FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices $\xi\xi$ 1692, 1692(a)-

1692(g), 1692(i)-1692(k).

144.     Plaintiffs allege a September 1, 2011 Notice Of Intention To Foreclose Mortgage

And Of Deficiency After Foreclosure Of Mortgage, Notice Of Mortgagee's Sale

Of Real Estate, Notice Of Mortgage Foreclosure Sale – Certified Mail and

Regular Mail to Plaintiff Spouse of Karen C. Harry, **31 Marway a/k/a Mar Way**,

Mashpee, MA 02649, by Ablitt/Scofield, P.C., on behalf of Deutsche Bank,

constitutes intentional fraud and racketeering activities. Plaintiffs allege the

following specific Defendants each are in violation and liable to Plaintiffs for

each of these three notice: **Ablitt/Scofield, P.C., Deutsche Bank** 18 U.S.C.

Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ

1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER

INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ

1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil

remedies. Plaintiffs are entitled to treble damages, cost of the suit, including

attorney's fees. Mass. Gen. Laws. ch. 93A, ξ 2. MGL c. 93, s. 24: Licensing of

collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or

unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7;

FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-

1692(g), 1692(i)-1692(k).

145. Plaintiffs allege a September 1, 2011 Notice Of Intention To Foreclose Mortgage

And Of Deficiency After Foreclosure Of Mortgage, Notice Of Mortgagee's Sale

Of Real Estate, Notice Of Mortgage Foreclosure Sale – Certified Mail and

Regular Mail to Plaintiff Spouse of Karen C. Harry, P.O. Box 220, Mashpee, MA

02649, by Ablitt/Scofield, P.C. on behalf of Deutsche Bank, constitutes

intentional fraud and racketeering activities. Plaintiffs allege each of the

following specific Defendants are in violation and liable to Plaintiffs for each of

these three notices: **Ablitt/Scofield P.C., Deutsche Bank** 18 U.S.C. Chapter 63

ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies. Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees. Mass. Gen. Laws. ch. 93A, ξ 2. MGL c. 93, s. 24: Licensing of collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7; FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-1692(g), 1692(i)-1692(k).

146.     Plaintiffs allege a September 1, 2011 Notice Of Intention To Foreclose Mortgage And Of Deficiency After Foreclosure Of Mortgage, Notice Of Mortgagee's Sale Of Real Estate, Notice Of Mortgage Foreclosure Sale – Certified Mail and Regular Mail to Plaintiff Karen C. Harry, 31 Marway a/k/a Mar Way, Mashpee, MA 02649, by Ablitt/Scofield P.C. on behalf of Deutsche Bank , constitutes intentional fraud and racketeering activities.  Plaintiffs allege <u>each</u> of the following specific Defendants are in violation and liable to Plaintiffs for <u>each</u> of the three notices:  **<u>Ablitt/Scofield P.C.,</u> <u>Deutsche Bank</u>** 18 U.S.C. Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies. Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.

Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection

agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or

unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7;

FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-

1692(g), 1692(i)-1692(k).

147.   Plaintiffs allege a September 1, 2011 Notice Of Intention To Foreclose Mortgage

And Of Deficiency After Foreclosure Of Mortgage, Notice Of Mortgagee's Sale

Of Real Estate, Notice Of Mortgage Foreclosure Sale – Certified Mail and

Regular Mail to Plaintiff Spouse of Timothy C. Harry, 31 Marway a/k/a Mar

Way, Mashpee, MA 02649, by Ablitt/Scofield on behalf of Deutsche Bank,

constitutes intentional fraud and racketeering activities.  Plaintiffs allege each of

the following specific Defendants are in violation and liable to Plaintiffs for each

of these three notices:  **Ablitt/Scofield P.C.,**   **Deutsche Bank** 18 U.S.C. Chapter

63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud

by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER

INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ

1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil

remedies.  Plaintiffs are entitled to treble damages, cost of the suit, including

attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of

collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or

unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7;

FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-

1692(g), 1692(i)-1692(k).

148.     Plaintiffs allege a September 1, 2011 Notice Of Intention To Foreclose Mortgage
And Of Deficiency After Foreclosure Of Mortgage, Notice Of Mortgagee's Sale
Of Real Estate, Notice Of Mortgage Foreclosure Sale – Certified Mail and
Regular Mail to Plaintiff Spouse of Timothy C. Harry, P.O. Box 220, Mashpee,
MA 02649, by Ablitt/Scofield P.C. on behalf of Deutsche Bank, constitutes
intentional fraud and racketeering activities.  Plaintiffs allege the following
specific Defendants each are in violation and liable to Plaintiffs for each of these
three notices: **Ablitt/Scofield P.C., Deutsche Bank** 18 U.S.C. Chapter 63 ξ
1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by
wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED
AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ
1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies.
Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.
Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection
agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or
unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7;
FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-
1692(g), 1692(i)-1692(k).

149.     Plaintiffs allege a September 1, 2011 Notice Of Intention To Foreclose Mortgage
And Of Deficiency After Foreclosure Of Mortgage, Notice Of Mortgagee's Sale
Of Real Estate, Notice Of Mortgage Foreclosure Sale – Certified Mail and
Regular Mail to Plaintiff Karen C. Harry, P.O. Box 220, Mashpee, MA 02649, by
Ablitt/Scofield P.C. on behalf of Deutsche Bank, constitutes intentional fraud and

racketeering activities.  Plaintiffs allege the following specific Defendants <u>each</u> are in violation and liable to Plaintiffs for <u>each</u> of these three notices:

**Ablitt/Scofield P.C.,   Deutsche Bank** 18 U.S.C. Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies.  Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7; FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-1692(g), 1692(i)-1692(k).

150.  Plaintiffs allege in the **4th Wrongful Foreclosure** in 2016, AMERICAN, MERS, Deutsche Bank, Ocwen, and Korde, or any Defendant, do not have the required standing to  collect, foreclose, or file suit against Plaintiffs based on void ab initio documents yet they have repeatedly, intentionally, and maliciously attempted to do so.  Specifically, these malicious attempts include, inter alia, a letter dated January 28, 2016, to Timothy C. Harry, 31 Marway, MA 02649, by Korde on behalf of Ocwen and Deutsche Bank,  not Plaintiffs' counsel as required and previously documented, sent certified mail, and a letter dated January 28, 2016, to Karen C. Harry, 31 Marway, Mashpee, MA 02649, from Korde on behalf of Ocwen and Deutsche Bank, sent certified mail, "advising":

(a)  Korde represents Ocwen as servicer for Deutsche Bank the "holder" of an alleged Mortgage;

(b) the purported "holder" Deutsche Bank hereby elects to accelerate the entire indebtedness

(c) that as of January 28, 2016, the amount of the debt is $760,734.62;

(d) you are hereby notified that it is the intention of the "holder" to foreclose said Mortgage under the Power of Sale.

151.    Plaintiffs allege these two mailed debt collection letters dated January 28, 2016, constitutes intentional fraud and racketeering activities.  Plaintiffs allege the following specific Defendants are in violation of civil RICO laws, FDCPA laws, and M.G.L. laws, thus liable to Plaintiffs.  Plaintiffs allege each of the following specific Defendants are in violation and liable to Plaintiffs due to this January 28, 2016: **Korde, Deutsche Bank, Ocwen** 18 U.S.C. Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies.  Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7; FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-1692(g), 1692(i)-1692(k).

152.    Plaintiffs allege AMERICAN, MERS, Deutsche Bank, Ocwen, or any Defendant, do not have the required standing to collect, foreclose, or file suit against Plaintiffs based on void ab initio documents yet they have repeatedly, intentionally, and maliciously attempted to do so.  Specifically, these malicious attempts include, inter alia, a letter dated December 21, 2015, mailed to Plaintiff

Timothy C Harry by Ocwen after Ocwen had been noticed multiple times not to communicate with Plaintiffs and only communicate through Plaintiffs identified counsel.

153.    Plaintiffs allege this mailed debt collection letter dated December 21, 2015, constitutes intentional fraud and racketeering activities.  Plaintiffs allege the following specific Defendants are in violation of civil RICO laws, FDCPA laws, and M.G.L. laws, thus liable to Plaintiffs.  Plaintiffs allege Ocwen is in violation and liable to Plaintiffs due to this December 21, 2015 mailed letter:  **Ocwen** 18 U.S.C. Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies.  Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7; FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-1692(g), 1692(i)-1692(k).

154.    Plaintiffs allege AMERICAN, MERS, Deutsche Bank, Ocwen, or any Defendant, do not have the required standing to collect, foreclose, or file suit against Plaintiffs based on void ab initio documents yet they have repeatedly, intentionally, and maliciously attempted to do so.  Specifically, these malicious attempts include, inter alia, a letter dated November 4, 2015, mailed to Plaintiff Timothy C Harry by Ocwen

after Ocwen had been noticed multiple times not to communicate with Plaintiffs and only communicate through Plaintiffs identified counsel and stated specifically Ocwen has been made aware that Plaintiffs have retained Tina Sherwood as Plaintiffs' counsel.

155.   Plaintiffs allege this mailed letter dated November 4, 2015, constitutes intentional fraud and racketeering activities.  Plaintiffs allege the following specific Defendants are in violation of civil RICO laws, FDCPA laws, and M.G.L. laws, thus liable to Plaintiffs.  Plaintiffs allege Ocwen is in violation and liable to Plaintiffs due to this November 4, 2015 mailed letter: **Ocwen** 18 U.S.C. Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies.  Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7; FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-1692(g), 1692(i)-1692(k).

156.   Plaintiffs allege AMERICAN, MERS, Deutsche Bank, Ocwen, or any Defendant, do not have the required standing to collect, foreclose, or file suit against Plaintiffs based on void ab initio documents yet they have repeatedly, intentionally, and maliciously attempted to do so.  Specifically, these malicious

41

attempts include, inter alia, a letter dated September 10, 2015, mailed to Plaintiff

Timothy C Harry, not their attorney, by Ocwen stating a foreclosure action has

been initiated on Plaintiffs Property.

157.    Plaintiffs allege this mailed letter dated September 10, 2015, constitutes

intentional fraud and racketeering activities.  Plaintiffs allege the following

specific Defendants are in violation of civil RICO laws, FDCPA laws, and

M.G.L. laws, thus liable to Plaintiffs.  Plaintiffs allege Ocwen is in violation and

liable to Plaintiffs due to this September 10, 2015 mailed letter: **Ocwen** 18 U.S.C.

Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ

1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER

INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ

1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil

remedies.  Plaintiffs are entitled to treble damages, cost of the suit, including

attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of

collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or

unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7;

FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-

1692(g), 1692(i)-1692(k).

158.    Plaintiffs allege AMERICAN, MERS, Deutsche Bank, Ocwen, or any Defendant,

do not have the required standing to collect, foreclose, or file suit against

Plaintiffs based on void ab initio documents yet they have repeatedly,

intentionally, and maliciously attempted to do so.  Specifically, these malicious

attempts include, inter alia, a certified letter dated July 23, 2015, mailed to

42

Plaintiff Timothy C Harry, not their attorney, by Ocwen stating the mortgage loan

is past due and the property may be referred to foreclosure.  It continues with

confusing amounts purported to be owed including fees, claims Ocwen has the

right to foreclose and Ocwen intends to initiate a foreclosure, and claims the

"Noteholder", not the Holder In Due Course owner, directly or through an agent,

has possession of the purported promissory note and the chain of endorsements is

complete.

159.   Plaintiffs allege this certified mailed letter dated July 23, 2015, constitutes

intentional fraud and racketeering activities.  Plaintiffs allege the following

specific Defendants are in violation of civil RICO laws, FDCPA laws, and

M.G.L. laws, thus liable to Plaintiffs.  Plaintiffs allege Ocwen is in violation and

liable to Plaintiffs due to this July 23, 2015 certified mailed letter:  **Ocwen** 18

U.S.C. Chapter 63 ξ 1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious

name, ξ 1343 Fraud by wire **(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96

RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited

activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c)

Civil remedies.  Plaintiffs are entitled to treble damages, cost of the suit, including

attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of

collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or

unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7;

FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-

1692(g), 1692(i)-1692(k).

160.   Plaintiffs allege AMERICAN, MERS, Deutsche Bank, Ocwen, or any Defendant,
do not have the required standing to collect, foreclose, or file suit against
Plaintiffs based on void ab initio documents yet they have repeatedly,
intentionally, and maliciously attempted to do so.  Specifically, these malicious
attempts include, inter alia, a letter dated July 20, 2015, mailed to Plaintiff
Timothy C Harry by Ocwen stating Ocwen had received Plaintiffs
correspondence and they needed more time to provide a written response.
Plaintiffs allege this letter is in response to Plaintiffs Qualified Written Request.

161.   Plaintiffs allege this mailed debt collection letter dated July 20, 2015, constitutes
intentional fraud and racketeering activities.  Plaintiffs allege the following
specific Defendants are in violation of civil RICO laws, FDCPA laws, and
M.G.L. laws, thus liable to Plaintiffs.  Plaintiffs allege Ocwen is in violation and
liable to Plaintiffs due to this July 20, 2015:  **Ocwen** 18 U.S.C. Chapter 63 ξ 1341
Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire
**(2x)**, ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED
AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ
1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies.
Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.
Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection
agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or
unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7;
FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-
1692(g), 1692(i)-1692(k).

162.   Plaintiffs allege AMERICAN, MERS, Deutsche Bank, Ocwen, or any Defendant,
do not have the required standing to collect, foreclose, or file suit against
Plaintiffs based on void ab initio documents yet they have repeatedly,
intentionally, and maliciously attempted to do so.  Specifically, these malicious
attempts include, inter alia, **a second letter** dated July 20, 2015, mailed to
Plaintiff Timothy C Harry by Ocwen stating Ocwen had received Plaintiffs
communication regarding Plaintiffs authorization letter for Tina L. Sherwood as
their attorney and to communicate only through her.  Ocwen's response stated "A
review of loan documents indicates that the signature is not matching with the
authorization letter provided to us.  Therefore, we are unable to authorize Tina L.
Sherwood to receive and discuss any information on the above loan."  Plaintiffs
allege this intentional stall tactic is in violation of RESPA and due to Ocwen
comparing forged signatures from purported loan documents to real signatures on
the attorney authorization.

163.   Plaintiffs allege this mailed debt collection second letter dated July 20, 2015,
constitutes intentional fraud and racketeering activities.  Plaintiffs allege the
following specific Defendants are in violation of civil RICO laws, FDCPA laws,
and M.G.L. laws, thus liable to Plaintiffs.  Plaintiffs allege Ocwen is in violation
and liable to Plaintiffs due to this second mailed letter dated July 20, 2015:

**Ocwen** 18 U.S.C. Chapter 63 $\xi$ 1341 Frauds and swindles (mail fraud), $\xi$ 1342
Fictitious name, $\xi$ 1343 Fraud by wire **(2x)**, $\xi$ 1344 Bank fraud, 18 U.S.C. Chapter
96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS
Prohibited activities $\xi$ 1961(5), $\xi$ 1961(6)(A), $\xi$ 1962(b), $\xi$ 1962(c), $\xi$ 1962(d), and

ξ1964(c) Civil remedies.  Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees.  Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7; FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-1692(g), 1692(i)-1692(k).

164.    Plaintiffs allege AMERICAN, MERS, Deutsche Bank, Ocwen, or any Defendant, do not have the required standing to collect, foreclose, or file suit against Plaintiffs based on void ab initio documents yet they have repeatedly, intentionally, and maliciously attempted to do so.  Specifically, these malicious attempts include, inter alia, a certified letter dated July 1, 2015, mailed to Plaintiff Timothy C Harry, not Plaintiffs attorney, by Ocwen stating the mortgage loan is past due and the property may be referred to foreclosure.  It continues with confusing amounts purported to be owed including fees, claims Ocwen has the right to foreclose and Ocwen intends to initiate a foreclosure, and claims the "Noteholder", not the Holder In Due Course owner, directly or through an agent, has possession of the purported promissory note and the chain of endorsements is complete.

165.    Plaintiffs allege this certified mailed letter dated July 1, 2015, constitutes intentional fraud and racketeering activities.  Plaintiffs allege Ocwen is in violation of civil RICO laws, FDCPA laws, and M.G.L. laws, thus liable to Plaintiffs.  Plaintiffs allege Ocwen is in violation and liable to Plaintiffs due to this certified mailed letter dated July 1, 2015: **Ocwen** 18 U.S.C. Chapter 63 ξ

1341 Frauds and swindles (mail fraud), ξ 1342 Fictitious name, ξ 1343 Fraud by wire (2x), ξ 1344 Bank fraud, 18 U.S.C. Chapter 96 RACKETEER INFLUNCED AND CORRUPT ORGANIZATIONS Prohibited activities ξ 1961(5), ξ 1961(6)(A), ξ 1962(b), ξ 1962(c), ξ 1962(d), and ξ1964(c) Civil remedies. Plaintiffs are entitled to treble damages, cost of the suit, including attorney's fees. Mass. Gen. Laws. ch. 93A, ξ 2.  MGL c. 93, s. 24: Licensing of collection agencies, MGL c. 93, s. 49: Debt collection in an unfair, deceptive or unreasonable manner, 940 CMR 7.00: M.G.L. c. 93A, ξ 2(c), 940 CMR 7; FDCPA 15 U.S.C. Subchapter V – Debt Collection Practices ξξ 1692, 1692(a)-1692(g), 1692(i)-1692(k).

166.    While the Plaintiffs acknowledge they must refrain from bringing FDCPA violations against any Defendant prior to one year ago by law, Plaintiffs allege the Court will benefit from inspecting the violations that have occurred just in the past year to observing these violations are indicative that these same violations have been ongoing for ten years in this case, all based on void ab initio documents, even though Plaintiffs are restricted by law to hold all Defendants liable for the post March 19, 2015 violations under the FDCPA.  The Plaintiffs allege this insight into the duration of each false representation of the character, amount or legal status of the alleged debt using unconscionable means utilizing false, unfair and deceptive means to collect on a void ab initio debt, inter alia, also point directly to fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, accomplished by racketeering activities by all Defendants.

167.   Plaintiffs allege they responded to Korde, Deutsche Bank's, and Ocwen's January 28, 2016 certified mailed letter threatening litigation by disputing the alleged debt in writing on February 19, 2016, well within the thirty-day period after receiving this letter and as set forth in Defendants letter.

168.   Plaintiffs allege Korde, Deutsche Bank, and Ocwen are falsely representing the character and amount of an alleged debt based on void ab initio documents.

169.   Plaintiffs allege when four documented illegal and wrongful foreclosure attempts based on void documents have been foisted upon Plaintiffs and their Property for eight years, by an entity with no legal authority to do so, Plaintiffs have suffered a cognizable injury.

170.   Plaintiffs allege each monthly statement mailed to Plaintiffs were done so with the intent to defraud Plaintiffs and constitute individual ongoing violations of RICO mail fraud statutes.

171.   Plaintiffs allege none of the Defendants have ever owned or had any interest in either the purported note or mortgage because these purported documents were void ab initio as the purported "lender" never existed therefore no consummation could ever take place.

172.   Defendants MERS, Deutsche Bank, Homeward, Ocwen, Korde and Ablitt and successor firms have repeatedly and knowingly engaged in mail and electronic fraud and racketeering activities with threats and actions to foreclose on Plaintiffs' property without any legal justification.

173.   Defendants Korde and Ablitt had an obligation to verify the facts of their clients, which if they had done so, would have determined that their clients did not have a valid legal claim to the Plaintiffs' property.

## COUNT FIVE
## TILA ALLEGATIONS 15 U.S.C. ξ 1601 *et seq.*

174.   Plaintiffs repeat and re-aver the allegations set forth in paragraphs 1 through 173 as if fully set forth herein.

175.   Plaintiffs allege they have suffered multiple cognizable injuries from all Defendants intentional TILA violations including but not limited to:

**Origination, funding and servicing violations committed by AMERICAN, APEX, MERS, Fidelity, AHMSI, Homeward Residential, Deutsche Bank, and Ocwen:**

176.   Plaintiffs allege they have suffered multiple cognizable injuries directly linked to all Defendants intentional fraud in the concealment, fraud in the inducement, civil RICO, FDCPA, M.G.L. violations, and Defendants actions and inactions in regards to Plaintiffs TILA rescission including, but not limited to, loss of money not returned to Plaintiffs within 20 days of their rescission as required by 15 U.S.C. ξ 1635(b), loss of interest on this money withheld for over a year by Defendants, slander of Plaintiffs title, intentional infliction of emotional distress, and incurring legal fees and costs.

177.   Plaintiffs further allege they have been injured by all Defendants additional TILA violations, not including the rescission violations, in that Plaintiffs were induced by concealment of material disclosures never given, to have lost monies paid to

entities with no legal interest, or otherwise, in Plaintiffs Property, loss of interest on this money for over ten years, slander of title, intentional infliction of emotional distress, particularly on Plaintiff Timothy C. Harry who is a senior citizen, and incurring legal fees and costs.

## COUNT SIX
## RESPA ALLEGATIONS

178. Plaintiffs repeat and re-aver the allegations set forth in paragraphs 1 through 177 as if fully set forth herein.

179. Plaintiffs allege they have suffered multiple cognizable injuries from AMERICAN, APEX, MERS, Fidelity, AHSMI, Homeward Residential, Deutsche Bank and Ocwen. RESPA 12 U.S.C. §§ 2601, *et seq.*, Federal Reserve Regulation X, 24 C.F.R. § 3500 *et seq*, 18 U.S.C. § 1961, and FDCPA, M.G.L. violations.

180. Plaintiffs have outlined these transgressions in Plaintiffs Claims at paragraph numbers 14-24.

181. The fees and monies shown on the HUD-1A are illegal, predatory and points directly to fraud in the concealment, fraud in the inducement and racketeering activities.

182. Plaintiffs allege that the predatory loan document outlined at paragraphs 25-26 indicate and substantiate that the Adjustable Rate Note is void, illegal and extremely predatory and is in violation of RESPA.

## COUNT SEVEN
## EXPIRATION OF THE STATUTES

183. Plaintiffs repeat and re-aver the allegations set forth in paragraphs 1 through 182 as if fully set forth herein.

184.   Plaintiff's last made payment on their alleged note and subsequent mortgage on
October 1, 2008.  The six year statute of limitations to bring an action for Judicial
claim on the alleged note expired on November 1, 2014.  Defendants Ocwen,
Deutsche Bank through Korde are threatening foreclosure outside of the legal
process for the alleged note.

185.   Neither Deutsche Bank nor Ocwen has produced documentation stating that they
are in possession of the alleged note that is void as well as the mortgage which is
also void because the alleged note is predatory, table funded, from an entity that
was not incorporate or able to do business in Massachusetts.  Defendants have no
standing to threaten a foreclosure.

186.   On March 20, 2015, in accordance with 15 U.S.C. 1635 (a), and Regulation Z,
Plaintiffs mailed their TILA rescission notice to ALL known defendants at that
time.  15 U.S.C. Section 1635 provides that the creditor must bring legal action
within 20 days after receipt of notice of the rescission.  Not one Defendant
brought a legal action against the Plaintiffs before the expiration of 20 days.
Therefore, according to the statute, every defendant's alleged claim to any
entitlement in the Plaintiffs property *EXPIRED.*  This is federal law.

187.   As promulgated in the Statement of Claims, defendants Deutsche Bank and
Ocwen through their attorneys Korde are still pursuing something that doesn't
exist by means of harassment, bullying and intimidation.  Every defendant knows
the property cannot be foreclosed.

### COUNT EIGHT
### STANDING
### (ALL DEFENDANTS)

188.    The Plaintiffs restate and re-aver all allegations presented in paragraphs 1-187 as
        though fully restated herein.

189.    Not one of the defendants has standing to threaten, attempt or actually foreclose
        on the Plaintiffs property because not one piece of paper associated with the
        alleged note is valid.  Each Defendant participated in the fabrication of a non-
        existent debt to make it appear real in order to steal money and Plaintiff's home.

190.    Each and every action taken by the Defendants is based on an event that was
        fraudulent.  Every Defendant knows that the history of the initial event is void
        therefore all of their legal actions in an attempt to steal the Plaintiffs property is
        based on fraud and they know it.  They had no standing to even begin any type of
        legal proceeding against the Plaintiffs.

### COUNT NINE
### ILLEGAL PARTICIPATION IN A FRAUD BY LAW FIRMS

191.    The Plaintiffs restate and re-aver allegations set forth in paragraphs 1-190 as though
        fully restated herein.

192.    The Professional Rules of Responsibility requires a lawyer, when taking on a
        matter, to not just take the client's word on the facts, but to make sure that the
        Attorney can prove the facts.  The Attorney must also know the law.  The Attorney
        may not assist a client in committing fraud or commit fraud on behalf of the client.

52

193. Plaintiff alleges that Ablitt & Charlton and the successor firms and Korde & Associates as well as Legal Counsel for Ocwen all knew that the alleged note allegedly executed by Timothy C. Harry was void and fraudulent.

194. Each and every Attorney representing one of the defendants had a professional responsibility to inquire into the facts that were being presented before taking action against the Plaintiffs.

195. Ablitt & Charlton and their successor firms and Korde & Associates as well as the Legal Counsel for Ocwen are responsible for participating in fraudulent acts designed to deprive the Plaintiffs of their home. Each Attorney willingly participated in acts that he/she knew were fraudulent in the representation of their client.

## COUNT TEN
## AGENCY

196. The Plaintiffs restate and re-aver allegations set forth in paragraphs 1-195 as though fully restated herein.

197. On information and belief, Deutsche Bank retained the services of Ablitt & Charlton and its successor firm for the purposes of perpetuating Deutsche Bank's mistaken claim of ownership of an alleged mortgage on 31 Marway, Mashpee, Massachusetts, owned and occupied by the Plaintiffs.

198. On information and belief, Ocwen on behalf of Deutsche Bank retained the legal services of Korde & Associates for the purposes of perpetuating Deutsche Bank's mistaken claim of ownership of an alleged mortgage on 31 Marway, Mashpee,

Massachusetts, owned and occupied by the Plaintiffs to force a foreclosure and sale of the property when Deutsche Bank had no legal right to do so.

199. Plaintiffs allege that defendants Ablitt and Korde became the agents of Deutsche Bank to perpetuate a claim to an alleged mortgage and real property based upon a fraudulent, void, nonexistent document. That Ablitt and Korde willingly and aggressively took on this agency to foreclose on 31 Marway, Mashpee, Massachusetts at the behest of Deutsche Bank.

200. Upon information and belief, Plaintiffs allege that as Attorneys, Ablitt and Korde decided not to research the facts presented by Deutsche Bank, decided not to follow case law as it was unfolding throughout every Circuit in the United States, decided to blindly follow whatever facts Deutsche Bank presented thereby making each Attorney equally as culpable for all the mail and electronic fraud and racketeering activities that each Attorney engaged in upon the behest of their ultimate client Deutsche Bank.

## XI RELEIF REQUESTED

WHEREFORE, the Plaintiffs' pray:

1. That the Court enter judgment for the Plaintiffs of *Quiet Title* to their home known as 31 Marway, Mashpee, Massachusetts.

2. That the Court find that the alleged note from American to be null and void.

3. That the Court find that the alleged mortgage is hereby lifted and removed from the property known as 31 Marway, Mashpee, Massachusetts because the underlying alleged note is null and void.

54

4. That the Court order that the Plaintiffs be reimbursed for all monies paid under the alleged note that is now void amounting to $28,144.88.

5. That the Court order the Defendants and their respective agents, employees, attorneys and all those acting in concert with them from assigning, attempting to sell, attempting to transfer, encumbering or disposing in any manner the property known as 31 Mar Way, Mashpee, Massachusetts.

6. That the court award the Plaintiffs demand the maximum fine allowed for each use of the mail and wire fraud transfer that equate to racketeering to notify and allege that their property was under foreclosure. Thirty eight such notices threatening litigation and foreclosure on a note that the Defendants knew or should have known was illegal, null and void. The Plaintiff's pray for damages as set forth as follows:

> Deutsche Bank participated 19 wire and mail notices to collect a debt that didn't exist; 19 notices times $250,000 per notice = $4,750,000. Deutsche Bank participated in racketeering in these activities resulting in treble damages; therefore Plaintiffs request the court to award Plaintiffs $14,250,000 in damages from Deutsche Bank.

> Ocwen sent 16 notices by mail on behalf of Deutsche Bank to collect a debt that didn't exist; 16 notices times $250,000 per notice = $4,000,000  Ocwen participated in racketeering in these activities resulting in treble damages; therefore Plaintiffs request the court to award Plaintiffs $12,000,000 in damages from Ocwen.

> Korde sent three notices by mail on behalf of Ocwen on behalf of Deutsche Bank to collect a debt that didn't exist; 6 notices times $250,000 per notice is

$1,500,000.  Korde participated in racketeering in these activities resulting in treble damages.  Plaintiffs request the court to award Plaintiffs $4,500,000 in damages from Korde.

7.  That the Court punish Defendants punitively from their repeated actions which they know or should of known were illegal.  American and Ocwen have been part of several lawsuits with similar fact patterns, yet they continue to harass, coerce, intimidate and threaten homeowners.  The Plaintiffs seek $5 million in punitive damages to be spread among defendants in proportion to the above stated fines.

8.  Total damages sought - $35,750,000.

9.  That the court award Plaintiffs Declaratory Judgment in all of their claims.

10. That the Court award additional damages as the Court sees fit and just.

Timothy C. Harry and Karen C. Harry
By Their Attorney

Dated: March 18, 2016

Tina L. Sherwood BBO# 662047
17 Main ST
Hopkinton, MA  01748
617-930-3533

## VERIFICATION

The undersigned party hereby states that they have read the within document. The factual statements therein are true based upon their personal knowledge, except for those stated on information and belief and those that are believed to be true based on the information and documents presently available to the undersigned.

Signed under the pains and penalties of perjury this 18th day of March, 2016.

_____                    _____
TIMOTHY C. HARRY                                    KAREN C. HARRY

### Commonwealth of Massachusetts

County of Barnstable

On this 18th day of March, 2016, before me, the undersigned Notary Public, personally appeared TIMOTHY C. HARRY and KAREN C. HARRY, who proved to me through satisfactory evidence of identification which was a Massachusetts Driver's License, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that they signed it voluntarily for its stated purposes.

_____
Notary Public, Tina L. Sherwood
My Commission Expires 11/13/2020

57

Doc. No. 640,302
Ctf. No. 137296

<u>TRANSFER CERTIFICATE OF TITLE</u>

From Certificate No. 35044, Originally Registered May 14,1965
in the Registry District of Barnstable County.

THIS IS TO CERTIFY that THOMAS HARRY, FAY K HARRY, husband and wife, as tenants by
the entirety, of P.O. Box 220, Mashpee, Massachusetts 02649, for an undivided
one-half (1/2) interest,

                    TIMOTHY C HARRY, KAREN C HARRY, husband and wife, as
tenants by the entirety, of P.O. Box 220, Mashpee, Massachusetts 02649, for an
undivided one-half (1/2) interest, as tenants in common,

the owner(s) in fee simple,

of that land situated in MASHPEE

in the county of Barnstable and the Commonwealth of Massachusetts, described as
follows:

LOT 158

PLAN 11408-24

            There is appurtenant to said land a right to pass and repass over
all the ways on said plan as well as to pass and repass from this subdivision over
Wading Place Road to a public road or way of the Town of Mashpee.

   And it is further certified that said land is under the operation and provisions
of Chapter 185 of the General Laws, and that the title of said owner(s) to said
land is registered under said Chapter, subject, however, to any of the encumbrances
mentioned in Section forty-six of said Chapter, which may be subsisting

WITNESS ROBERT V. CAUCHON, Chief Justice of the Land Court at Barnstable, in said
County of Barnstable,

   the twenty-sixth day of May in the year nineteen hundred and ninety-five

   at 3 o'clock and 37 minutes

Attest, with the Seal of said Court,

_____
JOHN F. MEADE, Assistant Recorder.

Land Court Case No. 11408

MEMORANDA OF ENCUMBRANCES ON THE LAND DESCRIBED IN THIS CERTIFICATE

640.302

Ctf.137296

| DOCUMENT NUMBER | KIND | RUNNING IN FAVOR OF | TERMS | DATE OF INSTRUMENT DATE AND TIME OF REGISTRATION | DISCHARGE | SIGNATURE |
|---|---|---|---|---|---|---|
| 76.773 1 | N | | DECLARATION   SEE DOC | 08-20-1962 08-20-1962   11:55 | |  |
| 78.753 1 | ES | CAPE & VINEYARD ELECTRIC COMPANY (&O) | SEE DOC | 12-17-1962 01-07-1963   10:55 | |  |
| 382.768 1 | DL | BRIGHT COVES | 73.509 001 | 12-14-1985 12-24-1985   10:15 | |  |
| 515.166 1 | M | BANK OF NEW ENGLAND NA | 158   11408-24 | 09-26-1990 10-05-1990   2:41 | 641.583   1 |  |
| 640.303 1 | M | PLYMOUTH MORTGAGE COMPANY INC | 158   11408-24 $175,000.00 | 05-22-1995 05-26-1995   3:37 | |  |
| 640.304 1 | AS | PLYMOUTH SAVINGS BANK | 640.303 001 | 05-22-1995 05-26-1995   3:37 | |  |
| 641.296 1 | C/ML | | SEE DOC | 05-26-1995 06-13-1995   9:00 | |  |
| 641.583 1 | D | | 515.166 001 | 06-09-1995 06-16-1995   10:39 | |  |
| 656.577 1 | M | HOUSEHOLD FINANCE CORPORATION II | 158   11408-24 $10,000.00 | 01-10-1996 01-17-1996   3:29 | |  |
| 678.513 1 | M | HOUSEHOLD FINANCE CORPORATION II | 158   11408-24 $25,000.00 | 10-08-1996 10-17-1996   10:07 | 682.703   1 |  |
| 682.703 1 | D | | 678.513 001 | 11-06-1996 12-11-1996   9:42 | | |

Ctf.137296

640.302

MEMORANDA OF ENCUMBRANCES ON THE LAND DESCRIBED IN THIS CERTIFICATE

| DOCUMENT NUMBER | KIND | RUNNING IN FAVOR OF | TERMS | DATE OF INSTRUMENT DATE AND TIME OF REGISTRATION | DISCHARGE | SIGNATURE |
|---|---|---|---|---|---|---|
| 696.890 1 | DL/H | THOMAS HARRY (&O) | 158  11408-24 | 06-12-1997<br>06-12-1997  12:14 | | *(signature)* |
| 698.703 1 | DL/H | TIMOTHY C HARRY | 158  11408-24 | 07-01-1997<br>07-01-1997   3:52 | | *(signature)* |
| 832.796 1 | EX | SPORTS-IMPORTS OF CAPE COD INC. | SEE DOC<br>$5,587.99 | 05-22-2001<br>05-22-2001  11:27 | | *(signature)* |
| 837.346 1 | DD | THOMAS HARRY (&O) | 158 11408-24 (SH 2)<br>CTF 162105<br>$1.00 | 06-11-2001<br>07-09-2001  12:38 | | *(signature)* |
| | | | | | | |
| | | | Barnstable County Registry of Deeds<br>A True Copy, Attest<br><br>*(signature)*<br>John F. Meade, Register<br>This Certificate is attested as to encumbrances with<br>a date of registration prior to  3 / 10 / 6<br>Encumbrances listed on this certificate after that date<br>have not been fully verified and are not covered under<br>provisions of MGL Ch. 185 Sec. 46 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |